# INDUSTRIAL AIR PRODUCTS CO. *v.*
# DEPARTMENT OF REVENUE

Brian Steenson, Jones & Brown, Portland, filed a brief for plaintiffs.

Donald C. Seymour, Assistant Attorney General, Salem, filed a brief for defendant.

Decision for defendant rendered May 7, 1970.

EDWARD H. HOWELL, Judge.

The plaintiff appeals from an order of the Department of Revenue assessing additional excise taxes against plaintiff for fiscal years ending January 31, 1960, through January 31, 1964, and contends that the additional taxes are barred by the statute of limitations.

The plaintiff, whose business is the manufacturing of industrial gases and industrial equipment, filed excise tax returns with the defendant for each of the tax years involved. The plaintiff concedes that it erroneously offset more personal property taxes against its excise taxes for each tax year than were proper under ORS 317.070, which allows certain corporations to offset certain personal property taxes against the excise tax due for the particular year. Plaintiff underpaid its excise taxes for each year from 1960 through 1964.

The plaintiff's error was not immediately discovered by the defendant. However, the Commissioner of Internal Revenue conducted an audit of plaintiff's

federal tax returns for each year involved herein and made adjustments to each year's return. The federal adjustments did not concern the personal property tax offset because such offset is not allowed on the federal returns. Subsequent to the audit by the Internal Revenue Service the Department of Revenue also conducted an audit of plaintiff's excise tax returns and, in addition to making adjustments which conformed to those made by the Internal Revenue Service, the defendant also disallowed a portion of the personal property tax offsets claimed by plaintiff for each year. The correction of the offset resulted in increasing plaintiff's excise tax. In May, 1968, the defendant gave notice of deficiency and proposed assessment to plaintiff for each year, and on January 13, 1969, assessed deficiencies. The defendant in an opinion and order dated May 16, 1969, affirmed the deficiency for each year and plaintiff appealed.

The plaintiff contends that the deficiency assessments are barred by the statute of limitations and that the defendant is restricted in its adjustment to plaintiff's excise tax returns to the same adjustments made by the Internal Revenue Service.

A determination of the issues involves the construction of various tax statutes.

ORS 317.070 provides that certain corporations are entitled to offset their personal property taxes against their excise taxes. The offset is limited to the personal property taxes actually paid on certain inventory used in the manufacturing process or one-third of the excise tax payable, whichever is the lesser.

The general statute of limitations establishing the time within which the Department of Revenue shall give a taxpayer a notice of proposed deficiency assess-

ment is contained in ORS 314.410(1) which allows the defendant three years after the return was filed. Where gross income equal to 25 percent or more of the gross income reported has been omitted from the taxpayer's return ORS 314.410(2) allows the defendant five years from the filing of the return within which to give the notice of proposed assessment. If the taxpayer files a false or fraudulent return or does not file a return, ORS 314.410(3) provides for no time limitation for giving the notice of proposed assessment.

ORS 314.410(3) provides for a special limitation in cases where the Internal Revenue Service has made corrections to the taxpayer's federal return which result in additional income tax for state income tax purposes. It is this portion of ORS 314.410(3) with which this case is concerned. This portion of ORS 314.410(3) is directly related to ORS 314.380. Because of the facts of this case ORS 314.380 and the pertinent parts of 314.410(3) must be considered as they existed both before and after they were amended in 1963 by Or L 1963, ch 509.

Prior to the 1963 amendment to ORS 314.380, every taxpayer, on request of the defendant, was required to furnish the defendant with a copy of his federal return for the corresponding year and a copy of any federal agent's report made upon an audit or adjustment of his federal return. Subsection (2) was added to this section in 1963 and provides that if the amount of a taxpayer's federal taxable income for any taxable year is changed or corrected by the Internal Revenue Service resulting in recognition of $250 or more of additional net income subject to tax by Oregon, the taxpayer shall report the federal correction within 90 days after the

federal determination becomes final. Or L 1963, ch 509, § 1.

Prior to the 1963 amendment to ORS 314.410(3), the statute provided that if a correction was made by the Internal Revenue Service resulting in additional federal tax and a report thereof was filed by the taxpayer with the defendant in accordance with ORS 314.380, "then notice of a proposed assessment of income tax under any law imposing tax upon or measured by income for the corresponding year may be mailed [by the defendant] within one year after the federal correction or additional assessment becomes final, or within the applicable three-year or five-year period prescribed in subsections (1) and (2) of this section, respectively, whichever period expires the later. * * *" The 1963 amendment to ORS 314.410(3) provided that if the taxpayer was required by ORS 314.380 to report a federal correction and failed to do so, the defendant is allowed three years from the date on which the federal change or correction becomes final in which to issue the notice of proposed deficiency assessment. Or L 1963, ch 509, § 2.

The extension of time for the state to give notice of proposed deficiency assessments in cases of federal corrections was enacted because the state was losing revenue as it was obtaining information regarding federal corrections too late to issue the notice of proposed assessment within the three or five-year statute of limitations of ORS 314.410(1) and (2). The 1963 amendments to ORS 314.380 and 314.410(3) were requested by the defendant because nonresident taxpayers were failing to report federal changes.[1]

---

[1] *See*, Exhibits on HB 67 and HB 72 submitted to House Committee on Taxation, 47th Legislative Assembly, Exhibits 47-H,

More than three years had elapsed from the time plaintiff's excise tax returns for 1960 through 1964 had been filed when the defendant issued its notice of proposed assessment of deficiency on May 3, 1968. Consequently the deficiencies are barred by the three-year statute of limitations in ORS 314.410(1) unless the time was extended by ORS 314.410(3). The parties have stipulated that the federal corrections became final on December 16, 1966, for the years 1960 through 1963, and on October 6, 1967, for the year 1964. The parties also stipulated that the plaintiff did not report the federal corrections to the defendant.

■ The plaintiff does not dispute, and it is clear, that the defendant had authority under ORS 314.410(3) to make the *same* adjustments to the plaintiff's Oregon excise tax returns as the Commissioner of Internal Revenue did to plaintiff's federal returns.

The primary question is whether the defendant is allowed under ORS 314.410(3) to assess additional excise taxes because of the disallowance of the personal property tax offset. This answer depends on whether the deficiency assessments arose "under any law imposing tax upon or measured by income." If the defendant is restricted to the same matter raised by the federal adjustments the additional excise taxes arising from the correction of the personal property tax offsets are barred by the general three-year statute of limitations contained in ORS 314.410(1).

In support of its position the plaintiff cites *Warm Springs Lumber Co. v. Tax Comm.*, 217 Or 219, 342 P2d 143 (1959). In that case the offset erroneously in-

Ta-C1 through 47-H, Ta-C3, Folder 14; and Hearing on HB 1010 before House Taxation Committee, 52nd Legislative Assembly, Minutes of February 20, 1963, p 1.

cluded personal property taxes paid on items that were actually real property and not tangible personal property.

The plaintiff contended that the additional assessments were barred by the three-year statute of limitations, which at that time was contained in ORS 317.410(1) (the predecessor of ORS 314.405), which stated:

"(1) If the commission discovers from the audit of the return or otherwise that *any portion of the income* of any taxpayer has not been assessed, it may, at any time within three years after the return was filed, compute the tax and give notice to the taxpayer of the amount due * * *." (Emphasis supplied.)

The court found that the deficiencies were not barred by the three-year statute of limitations because the personal property tax offset did not constitute "income" that had not been assessed within the meaning of the statute, that the plaintiff's income had been properly reported and that the deficiency involved an improper credit as compared to income.

In *Simpson Timber Company v. State Tax Commission*, 250 Or 434, 443 P2d 1962 (1968), which also involved a personal property offset and the three-year statute of limitations, the Supreme Court distinguished *Warm Springs* on the basis of legislative changes in the statute of limitations. The court found that *Warm Springs* involved ORS 317.410(1), when the three-year statute of limitations applied to *income* that had not been assessed as compared to the 1959 amendment to ORS 314.405 (Or L 1959, ch 212, § 2), which involved the three-year statute of limitations when a *deficiency* exists.

Neither *Warm Springs* nor *Simpson* involved the meaning of the words "assessment of income tax under

any law imposing tax upon or measured by income," as they appear in ORS 314.410(3). In *Warm Springs* the court was concerned with a statute relating to "income" that had not been assessed. In *Simpson* the statutes related to whether a "deficiency" existed.

■■ The plaintiff argues that ORS 314.410(3) is restricted to assessments under laws "imposing tax upon or measured by income" and that the offset does not impose a tax upon or measured by income. However, the plaintiff stresses the wrong language in the statute. The crucial language is "assessment of income tax" and the statute continues by stating that the assessment may arise under any law imposing a tax upon income or which is measured by income. As the defendant points out, the phrase "under any law imposing tax upon or measured by income" includes personal income taxes under ORS ch 316, corporation excise taxes under ORS ch 317, and corporate income tax under ch 318. While the corporate excise tax is assessed for the privilege of doing business in this state, it is a tax measured by or according to net income. ORS 317.010(9).

Moreover, like ORS 314.405 in *Simpson*, ORS 314.410(3) is primarily concerned with the existence of a deficiency rather than with the source of the deficiency. This is made clear from the last sentence of ORS 314.410(3) which states:

"* * * The limitations to the giving of notice of proposed assessment of a *deficiency* shall not apply where a taxpayer has failed to file any report or amended return required of him by ORS 314.380 until three years after the federal correction or additional assessment becomes final." (Emphasis supplied.)

■ In this sentence the statute speaks directly of a *deficiency* and it is not restricted to income deficiencies as long as the deficiency arises under any law imposing tax upon or measured by income.

Neither does ORS 314.410(3) in this case restrict the defendant's adjustments to plaintiff's excise tax returns to the same adjustments as made by the Internal Revenue Service.

ORS 314.380 requires a taxpayer to report to the defendant any change or correction made to his federal income tax return when such change or correction results "in recognition of $250 or more of additional net income which is subject to tax by this state. * * *" If the taxpayer discloses the federal change or correction the defendant has one year (or the three or five years mentioned in ORS 314.410(3)) to issue the notice of deficiency assessment. If the taxpayer does not report the federal change the defendant is allowed three years to issue the notice of proposed deficiency assessment.

Administratively the defendant has taken different positions at different times as to whether it was restricted under ORS 314.410(3) after a federal audit to the same changes or corrections to the taxpayer's taxable income as were made by the Internal Revenue Service.

In October, 1959, the tax commission issued a legal department abstract which held that the state adjustments were not limited to the same corrections as were made by the Internal Revenue Service. LDA (Vol. XI, No. 11), 314.410(1); OF 1957; 10-5-59. However, this opinion was withdrawn on January 6, 1960, by the legal department for the stated reason that its auditors since 1953 had always followed the practice of limiting the adjustments to the federal adjustments. OF 1657,

1-6-60. In 1964, the defendant again changed its position and decided it was not so restricted.[2] LDA(CE), 314.410(3)/p 1; Commission Minutes, 2-10-64.

The plaintiff argues that ORS 314.380(2) and ORS 314.410(3) should be restricted both in claims for refunds by the taxpayer and deficiency assessments by the defendant to the very same adjustments or changes made by the Internal Revenue Service and that an otherwise barred year should not be opened either to the taxpayer or defendant.

■ It is not necessary to decide whether claims for a refund or a deficiency assessment should open the return for any change or adjustment in all cases or whether the adjustments are restricted to the federal adjustments in all cases because of the close interrelation of the adjustments to the excise tax payable in cases where the tax offset is claimed.

ORS 317.070(2) grants an offset to certain qualifying corporations. The offset, which is allowed against the excise tax payable is either (1) the amount of personal property taxes paid on certain qualifying personal property or (2) one-third of the excise tax payable, *whichever is the lesser*. The excise tax is based on the net income of the corporation at the rate of six percent. 317.070(1).

Any adjustment which results in changing the corporation's net income will affect the amount of the corporation's excise tax and, in turn, may affect the amount of the allowable offset.

---

[2] The last change was the result of some language in a circuit court case, *Industrial Air Products Co. v. State Tax Comm.*, No. 271, 226, Multnomah County Circuit Court (Nov. 21, 1962), [1960-1964 Transfer Binder] CCH State Tax Rep, Ore ¶ 201-364. The case was appealed, 236 Or 338, 388 P2d 470 (1964), but no mention was made of ORS 314.410(3). The language was dictum.

If the adjustments decreased the corporation's net income the changes would also decrease the excise tax payable and possibly decrease the amount of the allowable offset. However, if the changes increased the corporation's net income they would *increase* the amount of the excise tax payable and possibly the allowable offset. If originally the corporation properly claimed the personal property taxes as the lesser of the two possible offsets, then any increase in the excise tax paid will not affect the allowable offset; on the other hand, if the corporation properly claimed the personal property taxes as the offset and the adjustments decreased the amount of excise tax payable, it could result in one-third of the excise tax becoming the allowable offset.

In the instant case for all the years involved the plaintiff determined the offset on the basis of the *total* personal property taxes paid. This was erroneous because not all of the taxes were paid on inventory which qualified under ORS 317.070(2)(b), which restricts the offset to taxes paid on "properly classified tangible personal property and allocable to its raw materials and other materials which become a part of the finished product, goods in process and finished goods produced by it and held for sale."

If the plaintiff had correctly determined the amount of the allowable offset on its original return the increase in plaintiff's excise tax resulting from the defendant's adjustments would not have affected the amount of the allowable offset because the qualifying personal property tax would have remained less than one-third of the excise tax payable.

■ Although the changes made by the defendant did not affect the amount of the *allowable* offset, the de-

fendant is nevertheless entitled to correct the offset to reflect the proper amount of qualifying personal property taxes. When the defendant made adjustments to plaintiff's returns which corresponded to the federal adjustments, it resulted in changing plaintiff's excise tax payable. Because plaintiff was taking the offset granted by ORS 317.070(2), any change in the excise tax payable should allow the defendant to recompute the offset to the proper amount because the amount of the allowable offset is the lesser of the qualifying personal property taxes paid or one-third of the excise tax payable. Thus, regardless of whether or not the offset claimed on the original return was correct or incorrect in light of the computations on that return, when the defendant made adjustments in plaintiff's return which resulted in changing the excise tax payable, the defendant was then entitled to compute the amount of the allowable offset in light of the change in excise tax payable.

Finally, the plaintiff contends that the years 1960 through 1963 are barred by the statute of limitations because the defendant did not send the notices of proposed deficiency assessment within one year after the federal corrections became final on December 16, 1966. The notices of proposed assessment for these years were sent on May 3, 1968.

Prior to the 1963 amendments to ORS 314.380 a taxpayer was not required to furnish the defendant with a report of a federal audit unless the defendant requested it. The 1963 amendment required the plaintiff to report a federal change or correction within 90 days after the correction became final if the change resulted in the recognition of $250 or more of additional net income subject to tax by Oregon.

Prior to 1963 ORS 314.410(3) allowed the defendant to give notice of proposed assessment within one year after the federal correction became final. The 1963 amendment to 314.410(3) related to the 1963 amendment to ORS 314.380 and provided that if the taxpayer failed to give the defendant notice of the federal change or correction the defendant was allowed three years after the federal change or correction became final in which to give notice of proposed assessment.

The plaintiff contends that the years 1960 through 1963 are controlled by the law in effect at the time the returns were filed. In other words, ORS 314.410(3) applies as it existed before the 1963 amendment when the defendant had only one year from the time the federal correction became final in which to give notice of proposed assessment. Under this theory the defendant is barred by the statute of limitations because the federal corrections became final on December 16, 1966, and the notices of proposed assessment were not sent until May 3, 1968.

The defendant argues that the statute of limitations in effect at the time the federal correction became final applies to plaintiff's returns and as the plaintiff failed to file the report of the federal change, ORS 314.410(3) allowed the defendant three years after the federal changes became final, or until December, 1969, to issue the deficiency assessments.

■ ORS 314.380(2) as amended in 1963, requires the taxpayer to report the change to the defendant "if the amount of the taxpayer's federal taxable income reported on his federal income tax returns for *any taxable year* is changed or corrected by the Internal Revenue Service." (Emphasis supplied.) The phrase "any

taxable year" would include years which were still open for federal changes which had not become final. As the federal adjustments to plaintiff's returns for 1960 through 1964 had not become final when ORS 314.380 and 314.410(3) were amended in 1963, they were taxable years that were open to state corrections within the three-year period allowed the defendant by ORS 314.410(3).

The deficiency assessments issued by the defendant were not barred by the statute of limitations and the order of the Department of Revenue is affirmed.