Argued April 1, affirmed May 31, 1974

# INTERNATIONAL HEALTH & LIFE INSURANCE CO., *Respondent, v.* DEPARTMENT OF REVENUE, *Appellant.*

523 P2d 223

*Walter J. Apley,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Theodore W. deLooze, Chief Tax Counsel, Salem.

No appearance contra.

Before McAllister, Presiding Justice, and Holman, Howell and Bryson, Justices.

HOWELL, J.

Plaintiff filed a complaint in the Tax Court seeking a refund of corporate excise taxes for the years 1964 and 1966. The Tax Court granted the refund for the year 1964 and denied the refund for 1966. The defendant Department of Revenue appeals from the decision of the Tax Court granting the refund for 1964. Plaintiff does not appeal from the decision of the Tax Court denying the refund for 1966, and therefore the matters relating to the 1966 claim are not involved, and the only issue before us is whether the Tax Court properly allowed a refund to plaintiff of its corporate excise taxes for 1964.

The plaintiff was incorporated as an Oregon corporation in 1963 as a subsidiary of Industrial Hospital Association, a California corporation doing business in Oregon selling health insurance. Plaintiff and Industrial filed separate corporate excise tax returns in Oregon for the tax years 1963, 1964 and 1965. The apportioned Oregon net income for excise tax purposes for 1964 showed a loss by plaintiff International and a substantial net income by Industrial.

In December, 1965, Industrial was dissolved by its parent company, Pacific Insurance Investment Company, which purchased all the outstanding stock of Industrial. All Industrial assets and liabilities were transferred to plaintiff International, and all the stock of International was transferred to Pacific.

In 1971 the reorganization was recognized by the Federal Internal Revenue Service as a tax-free re-

organization under Int Rev Code of 1954, § 368 (a) (1)(F). Pursuant thereto the plaintiff International was entitled to carry back a net operating loss for the tax year 1967 against the taxable income of its predecessor Industrial, which resulted in elimination of all or part of Industrial's taxable income for federal income tax purposes for the year 1964.

During this same period the plaintiff and defendant Department of Revenue had been carrying on discussions regarding plaintiff's tax situation, and the defendant concluded that plaintiff and Industrial, instead of filing separate corporate excise tax returns as they did for the years 1963, 1964 and 1965, should have filed consolidated returns to properly reflect the income earned in Oregon. *See* ORS 317.360.

Pursuant to ORS 314.380, plaintiff, in March, 1972, reported to the defendant the change or correction of its federal taxable income resulting from the reorganization.

Plaintiff contends that, when the defendant required a consolidation of the returns for plaintiff and Industrial for 1964, the corporations should be treated as one and therefore the net operating loss of plaintiff for 1964 was offset against the net income of Industrial for 1964. The result would be a refund to plaintiff. The defendant contends plaintiff cannot recover a refund for the year 1964 because any claim arising from that year is barred by the statute of limitations. The Tax Court agreed with plaintiff and also found that the 1964 refund claim was not barred by the statute of limitations.

As a background, mention should be made of several statutes relating to the limitation of time

for filing notices of additional assessment and for claiming refunds. For convenience we mention the statutes in general terms.

The taxpayer is required to file a report with the defendant if his federal taxable income is changed or corrected by the Internal Revenue Service. ORS 314.380. The defendant must give notice of any proposed additional assessment within three years after the return is filed. ORS 314.410 (1). However, if the taxpayer notifies the Department of Revenue of a correction by the Internal Revenue Service, the statute of limitations for an additional assessment may be extended to one year after the federal correction became final. ORS 314.410 (3).

As to refunds, ORS 314.415 (1)(b) has always provided that refunds will not be allowed after three years from the time the return was filed, or two years from the time the tax was paid, whichever period expires later.

However, we agree with the Tax Court that another statute, ORS 314.380 (2), is applicable to the instant case. That statute states, in pertinent part:

"* * * The taxpayer may file a report of a federal change or correction, and the report of the federal change or correction shall be treated by the department as a claim for refund pursuant to ORS 314.415 and, notwithstanding the [time] limitations of ORS 314.415, shall be deemed timely if filed with the department within one year after the federal correction has become final. * * *"

■ When the plaintiff filed the report of the federal adjustment with the defendant in March, 1972, the report operated as a claim for a refund for 1964, although the claim for the year would otherwise have been barred by the statute of limitations.

■ We also agree with the Tax Court that when a report of a federal correction is made, thus reopening a year to a claim for a refund or an additional assessment, the refund or additional assessment is not restricted to those items which were adjusted by the Internal Revenue Service.

In *Industrial Air Prod. v. Dept. of Rev.*, 4 OTR 103, 259 Or 38, 485 P2d 24 (1971), we held that an additional assessment of state excise taxes was not restricted to the same changes or corrections made by the Internal Revenue Service. We see no reason why the same rule should not apply to a claim for a refund. If the report of a federal adjustment may open a year for an additional assessment, it should also open the year for a refund.

Affirmed.