IN THE TAX COURT OF THE
STATE OF OREGON

SMURFIT NEWSPRINT CORPORATION,
a Delaware corporation

*v.*

DEPARTMENT OF REVENUE

(TC 4298)

Kevin J. Keillor and Christopher D. Hatfield, Bend, rep-
resented Plaintiff (taxpayer).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Defendant rendered December 23, 1998.

### CARL N. BYERS, Judge.

Plaintiff (taxpayer) appeals from deficiency assessments for corporate excise taxes for 1987 and 1988. The assessments resulted when Defendant (department) reduced the amount of tax credits carried over from 1986. Although 1986 was a "closed year,"[1] the department recalculated taxpayer's income for that year and adjusted the amount of tax credits that could be carried over to 1987 and 1988. Taxpayer claims that the department is essentially assessing a deficiency for 1986, which is prohibited by statute. The facts are undisputed and the matter has been submitted to the court on cross motions for summary judgment.

## FACTS

Taxpayer timely filed corporate excise tax returns for 1986, 1987, and 1988. In each year, the report showed zero tax owing due to pollution control facilities tax credits. Subsequently, the Internal Revenue Service (IRS) audited taxpayer and made adjustments that in turn caused additional Oregon taxes to be owing. Taxpayer paid the additional Oregon taxes and those matters are not at issue here. However, in 1995, after a second federal audit, the department discovered a clear error in taxpayer's 1986 return. Taxpayer had failed to reverse the effect of an IRC section 631 election as required by ORS 317.362.[2] Although ORS 314.410 barred the department from assessing a deficiency for 1986, the department recalculated taxpayer's 1986 corporate excise tax liability. The recalculated tax liability absorbed more of the pollution tax credit than shown on the return,

---

[1] By "closed," the court means that the statute of limitations bars the department from assessing a deficiency for that particular year.

[2] IRC section 631 allows a taxpayer to elect to treat timber that has been cut but not sold as a sale or exchange. Oregon does not treat it as a sale or exchange until actually sold. Therefore, ORS 317.362 requires any section 631 election on the federal return to be "reversed" on the state return.

All references to the Oregon Revised Statutes are to 1995.

thereby reducing the amount of tax credit that could be carried over and used in 1987 and 1988. Based on the reduced tax credit carryover, the department assessed deficiencies for 1987 and 1988.

## ISSUE

May the department recalculate the amount of tax owing in a closed year and thereby change the amount of a carryover deduction or credit for a subsequent year?

## ANALYSIS

This issue concerns a fundamental aspect of the administration of the corporate excise tax. There is no Oregon statute specifically addressing this situation. Therefore, it is necessary to consider principles from the federal income tax system. Taxpayer contends that because Oregon has adopted federal tax laws, but not federal administrative processes, this matter must be decided based on state law, not federal law. While it is true that Oregon has not adopted the federal administrative processes, there are many similarities between the two tax systems and therefore much commonality in the principles governing their administration.

Before discussing federal principles, it may be helpful to indicate what questions are not involved in this case. This case does not involve mitigation of a determination or error such as is expressly provided for in federal law in IRC sections 1311-1314 and in Oregon law in ORS 314.115. Likewise, the department is not attempting to use a federal audit report to reopen a closed year under ORS 314.380. What is involved is whether the department has the power or authority to recalculate a taxpayer's liability for a closed year and thereby affect the taxpayer's liability for a subsequent year.

■ In the federal system, this issue has been resolved by the courts based upon reasoning and policy, most often in the context of a net operating loss carryover. In *Com. v. Van Bergh*, 209 F2d 23, 24, 54-1 USTC, ¶ 9151, Judge Learned Hand noted there are two alternative ways to view carryover adjustments: (1) to allow the loss as a deduction from the net income as returned in the earlier, or the later, year to which it is carried over or (2) to recompute the whole income for the earlier, or later, year, using the loss as a credit. He concluded:

"While there is nothing in the statute that expressly adopts the second method, we can see no reason to suppose that, when Congress decided to allow the loss to be treated as though it had in fact occurred in the earlier, or later, year, it did not mean it to be so treated for all purposes. If this is not true, it will result that the taxpayer will be put in a better position, when the loss occurs in a later, or an earlier, year, than when it occurs in the year when it is allowed as a deduction. That obviously cannot have been the intention."

In a similar vein, the United States Supreme Court in *Lewis v. Reynolds*, 284 US 281, 283, 52 S Ct 145, 76 L Ed 293, 3 USTC ¶ 856 (1932), in addressing a claim for refund, stated:

"While the statutes authorizing refunds do not specifically empower the Commissioner to reaudit a return whenever repayment is claimed, authority therefor is necessarily implied. An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded."

■ These decisions are illustrative of how the courts apply common-law principles to the tax laws. The fact that a statute may bar an assessment for taxes or a claim for refund after a certain period does not mean that the administrative agency or the courts must ignore the facts establishing the amount of tax or refund owing. Taxpayers as well as the government may rely upon these principles. In *Springfield Street Railway Co. v. The United States*, 312 F2d 754, 63-1 USTC ¶ 9189, the court held that a taxpayer who had failed to deduct a loss in 1953 could later recalculate its 1953 tax liability for purposes of claiming a larger net operating loss carryover, even though 1953 was closed for purposes of claiming a refund. This same rule has been applied for an investment credit carryover. *Hill v. Commissioner*, 95 TC 437 (1990).

■ In short, the federal courts have found that a statute that bars the assessment of a deficiency or the claim of a refund for a particular year does not obliterate the obligation.

Therefore, either the government or the taxpayer may recompute the tax for the closed year to affect a carryover item to open years. *But see* ORS 314.415(4)(a), ORS 314.115(a); *Krahmer v. Dept. of Rev.*, 13 OTR 49 (1994).

■ As noted above, Oregon's system is very similar to the federal system. ORS 314.466 makes ORS chapter 305 applicable to corporate excise taxes. ORS 305.120 imposes a duty on the department to enforce the tax laws. ORS 305.190 authorizes the department to examine books and records in carrying out its duties. ORS 305.265 requires the department to examine or audit returns and reports and assess deficiencies as appropriate. However, the power to assess a deficiency is limited by ORS 314.410, which, in the usual case, is a three-year period.

■ In examining the statutes which govern administration of the corporate excise tax, the court is unable to find any suggestion that ORS 314.410 deprives the department or the taxpayer of the ability to recalculate the tax for any given year. To the contrary, there are no exceptions to the department's duty to enforce the tax laws. Also, there are other periods of limitations based on federal audit reports, agreements between the taxpayer and the department, and other circumstances. The legislature has directed that the department "shall apply and follow the administrative and judicial interpretations of the federal income tax law." ORS 317.013(2). Consequently, the same basic principles of administration need to be applied. This court looked to federal cases when confronted with the issue in *Intl. Health & Life Ins. Co. v. Dept. of Rev.*, 5 OTR 320 (1973), *aff'd* 269 Or 23, 523 P2d 223 (1974). In that case, consolidated corporate returns were required and, as a result, the net operating loss of one corporation was offset against the income of a related corporation for the same year.

"The defendant asserts that * * * 1964 was not open to change so as to permit additional taxation or to grant a refund, but insists that the records are open to examination and to the necessary tax accounting required to develop mathematical calculations for the succeeding year, 1965. This court agrees." *Id.* at 329.

The court concludes that the department was authorized to recalculate taxpayer's tax liability for 1986 and to adjust the amount of pollution tax credits carried forward. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that Plaintiff Smurfit Newsprint Corporation's Motion for Summary Judgment is denied. Costs to neither party.