**Miles M. SHEROVER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

Feb. 2, 1956.

Osmond K. Fraenkel, New York City, for plaintiff.

Paul W. Williams, U. S. Atty., New York City, Morton S. Robson, New York City, of counsel, for defendant.

WEINFELD, District Judge.

This action is brought by plaintiff pursuant to 26 U.S.C. § 3801[1] to recover $6,082.97 being part of the tax paid on his 1941 income.

Plaintiff was a 43¾% participant in a joint venture which operated a vessel, the S.S. Leslie, the record title of which was in the name of Worth Steamship Corporation. In reporting his income for the year 1941 he included the sum of $44,933.71 as his proportionate share of the income from the operation of the vessel. In computing the vessel's income, items of repair amounting to $41,530 had been capitalized and hence not deducted as a cost of operation. Accordingly, plaintiff's proportionate share of the capitalized item was not claimed as a deduction in his 1941 income tax return.

Eventually, as the facts will disclose, the Tax Court, upon a stipulation of interested parties including the plaintiff and the defendant, considered that only half of the $41,530 was a capital item and that the other half was ordinary expense, and a proper charge against income from operation for the year 1941. The change in treatment of the $41,530 is at the center of the controversy in this suit and the circumstances under which it was effected are relevant and follow.

In 1945 the Commissioner of Internal Revenue determined that the income from the operation of the S.S. Leslie for the fiscal year ended February 28, 1942 was taxable to the Worth Steamship Corporation rather than to the participants in the joint venture and he asserted transferee liability against the plaintiff and the other joint venturers.

Worth Steamship Corporation petitioned the Tax Court to review the determination and was joined in the proceeding by the joint venturers who contested liability as transferees. The petitioners also sought to reduce the income attributable to the operation of the steamship by claiming a deduction for the items of repair which had been originally capitalized by them,—erroneously so, they claimed.

It was before the Tax Court in March, 1946 that the stipulation, referred to above, was entered into whereby of the $41,530 expended for repairs in 1941 which had initially been capitalized, half was to be considered as a proper charge against income from the operation of the vessel for the year 1941 and the

I.  Internal Revenue Code of 1939, now 1954 Code, §§ 1311–1315.

other half was to be capitalized. It was also stipulated that the adjusted basis of the vessel for the year 1942 (which year it was lost as a result of a torpedoing), should be accordingly reduced. Worth Steamship Corporation and the plaintiff then amended their respective petitions before the Tax Court to include half of the repair items as expense.

In August, 1946 the Tax Court rendered its decision in the consolidated proceeding holding that the income from the operation of the joint venture was taxable to its individual participants and not to the corporation.[2] The Tax Court also found that the net income from the operation of the vessel from March 14, 1941 to February 28, 1942 was $64,379.15.

On November 7, 1947 following examination of plaintiff's tax return for the year 1942, the Commissioner increased the plaintiff's taxable income for that year by decreasing the basis of plaintiff's share of the S.S. Leslie by $9,084.69. This sum was plaintiff's pro rata share of the repairs initially capitalized but later deducted from the basis of the vessel in accordance with the stipulation made at the Tax Court hearing. As a result of the adjustment, plaintiff was assessed an additional tax for 1942 which he paid. Shortly thereafter, on November 21, 1947, plaintiff filed a claim for refund of that portion of his 1941 taxes attributable to his proportionate share of the repairs treated under the stipulation as ordinary expense for that year. The Commissioner rejected the claim and the present suit followed.

Plaintiff's argument is essentially an equitable one. He contends that since the elimination of 50% of the repair item as a capital expenditure decreased the basis of the vessel, in consequence of which an additional tax was assessed against him in 1942 upon a capital gain resulting from the payment of insurance upon the vessel's loss, he is entitled to deduct in his 1941 return his pro rata share of the other half which had been treated as ordinary expense.

■■ On the surface there is plausibility to plaintiff's argument. But we are governed by a tax statute. Plaintiff admits his claim is barred by the statute of limitations. He seeks relief under § 3801 of the Internal Revenue Code of 1939 entitled "Mitigation of effect of limitation * * * in income tax cases". Section 3801 is a carefully worded and highly technical provision which employs many terms which are words of art in the law of taxation. The Courts have construed the section strictly in the light of its legislative history and the accepted technical meaning of its terms.[3] Plaintiff has the burden of proving that he has met all the prerequisites of the mitigating exception to the basic statutory limitation period.[4] Plaintiff relies upon § 3801(b) (5) which authorizes relief: "When a determination under the income tax laws * * * (5) Determines the basis of property for depletion, exhaustion, wear and tear, or obsolescence, or for gain or loss on a sale or exchange, and in respect of any transaction upon which such basis depends there was an erroneous inclusion in or omission from the gross income of, or an erroneous recognition or nonrecognition or gain or loss to, the taxpayer * * *."[5]

To come within the scope of (b) (5) of § 3801 it must appear that (1) the "determination" must determine the basis of the property; (2) the transaction upon which such basis depends

---

2. Worth Steamship Corporation v. Commissioner, 7 T.C. 654.

3. Central Hanover Bank & Trust Co. v. United States, 2 Cir., 163 F.2d 60, 62–63.

4. Brennen v. Commissioner, 20 T.C. 495, 499; MacDonald v. Commissioner, 17 T. C. 934, 940.

5. Although the 1954 Code, § 1312(6) (C) (iii) has broadened the mitigation provision relating to the basis of property seemingly to include the present type of situation, it does not apply to the instant case. § 1315.

must involve either an erroneous inclusion in or omission from gross income, or an erroneous recognition or nonrecognition of gain or loss; (3) there is adopted in the determination a position maintained by the Commissioner which position is inconsistent with the erroneous action in the barred year. In my view plaintiff has failed to establish any of these essential requirements for the mitigation of the statute of limitations.

First, the determination here was a finding by the Tax Court that the amount of the net income of the joint venture from the operation of the steamship was $64,379.15. The parties to this action have stipulated that in arriving at such figure "consideration was given" to the additional deduction for repairs of $20,765. This finding, at most determined only the propriety of the deduction and not the basis of the steamship. Nor was the second requirement met since the 1941 transaction upon which the basis depends did not involve either an erroneous inclusion in or omission from gross income or the erroneous recognition or nonrecognition of gain or loss. It involved merely the allowance of a deduction.

Finally it appears that the Commissioner has not maintained an inconsistent position of the kind required to bring § 3801 into play. Here the "determination" relied on is claimed to establish that in 1941 the sum of $20,765 was a proper current deduction and not a capital expenditure. The taxpayer in his return for 1941 had failed to claim the deduction in that year and had treated it as a capital item. However, the Commissioner's action in respect to the taxable year 1942, in reducing the basis of the vessel by the amount of the charge which should have been taken as a deduction by the taxpayer in 1941, was entirely consistent with the determination as to the taxable year 1941. There

appears to be complete consistency between the determination as to 1941 and the Commissioner's action as to 1942. In fact the stipulation of the parties was explicit "that the basis of the vessel in the following year [1942] should be reduced by the amount which [was] allowed * * * as expenses of operation [1941]."

It may be argued that there is an inconsistency between the Commissioner's action in reducing the basis of the property in 1942 and his holding on to that portion of the 1941 tax paid which reflected the plaintiff's failure to claim the deduction for repairs. But this seeming inconsistency does not help the taxpayer because the Commissioner's action in reducing the basis for 1942 was never embodied in a "determination" as defined in § 3801(a) (1). The sole determination here was made as to the 1941 tax and no other. The plaintiff's complaint is simply that with respect to his 1941 tax the Commissioner failed to act consistently with the determination made in the Tax Court proceeding as to the net income of the joint venture for 1941.[6] The subsequent events in 1942 seem to me in no way to aggravate the plaintiff's grievance. This is not the kind of case to which, in my opinion, § 3801 was intended to apply.

I have treated the Tax Court's decision in the consolidated proceeding as a "determination" within the meaning of § 3801(a) (1). The Commissioner has contended to the contrary. He has urged that the Tax Court's finding as to the income of the joint venture was on a collateral issue and was no way involved in the final decision which was simply that the income from the operation of the steamship was not taxable to Worth Steamship Corporation. Indeed, the final ruling by the Tax Court was contrary to and overruled the Commissioner's position. In view of what

6. The reason this anomalous situation exists is because the Tax Court proceeding was not against the plaintiff as taxpayer but simply as a transferee of Worth Steamship Corporation which the Commissioner claimed to be the taxpayer, a contention which was overruled.

has already been said it is unnecessary to decide the issue.

The defendant is entitled to judgment dismissing the complaint upon the merits.

The foregoing shall constitute the Court's findings of fact and conclusions of law.