A. G. GENDER *v.* STATE TAX COMMISSION

Robert S. Ball and Ralph R. Bailey, Morrison & Bailey, represented the plaintiffs.

Richard A. Uffelman, Assistant Attorney General, represented defendant.

Decision rendered for defendant August 20, 1968.

EDWARD H. HOWELL, Judge.

Plaintiffs' petition for an income tax refund for 1960 was denied by the tax commission and plaintiffs appealed to this court.

In 1960 plaintiffs demolished a business building in Portland in order to construct a new building. The old building had a remaining net book value of $23,000. Instead of deducting the $23,000 in 1960 as a demolition loss the plaintiffs erroneously attempted to spread the loss over a five-year period. In December, 1965, the Internal Revenue Service refused to allow the plaintiffs to amortize the loss and held that the plaintiffs should have deducted the entire $23,000 as a loss in 1960. Consequently the Internal Revenue Service made adjustments to plaintiffs' returns by assessing deficiencies for 1961 through 1964 and allowing a refund for 1960.

The results of the federal tax audit were made available to the auditors of the State Tax Commission. The commission auditor disallowed the write-off over the five-year period, but unlike the Internal Revenue Service, concluded that the $23,000 should be capitalized and added to the cost of the new building so that the total amount would be depreciated over the life of the new building. The auditor did not review the demolition loss claimed for 1960 apparently for the reason that he felt the loss should be capitalized and added to the cost of the new building.

While the negotiations with the state auditor were continuing, the plaintiffs filed a claim with the tax commission for a refund for 1960 contending that the entire loss was deductible in that year. The commission auditor refused to consider the claim for refund on the grounds that it was not filed within the time allowed by ORS 314.380 which permits the filing of a refund

claim within one year following a correction by the Internal Revenue Service. The federal correction was issued in this case in December, 1965, and the plaintiffs' refund claim was filed with the tax commission on May 9, 1967. Plaintiffs appealed to the commission which held that the auditor was incorrect and the entire loss was deductible as a demolition loss in 1960; however, the commission denied plaintiffs' claim for a refund on the grounds that it was not timely filed. Consequently, deficiencies were assessed against the plaintiffs for 1961 through 1964 and the plaintiffs were denied a refund for 1960.

■ The plaintiffs concede that the tax commission was entitled to review their returns for 1961 through 1964. The authority to do so is contained in ORS 314.410 which is the general three-year statute of limitation for the tax commission to issue notices of proposed assessment. However, subsection (3) of the statute allows the commission additional time to issue the proposed deficiency assessment when the Internal Revenue Service has audited the taxpayer's return, assessed additional taxes and the taxpayer has reported the federal correction to the tax commission. In such cases the commission has one year after the federal assessment becomes final in which to issue the proposed deficiency assessment.

While the plaintiffs concede the right of the commission to reopen tax years 1961 through 1964 and assess the deficiencies, they contend that the commission erred when it refused to also reopen the tax year 1960 and grant a refund for that year since all parties agreed that the demolition loss was a proper deduction in 1960. The plaintiffs argue that the tax commission used its authority under ORS 314.410(3) to reopen the years in which they owed a deficiency and, unlike the

Internal Revenue Service, closed the door on 1960 when plaintiffs would have been entitled to a substantial refund.

The plaintiffs' argument as to their right to reopen tax year 1960, which is otherwise closed by the statute of limitations,① is based on two theories: (1) that the claim for refund which they filed on May 9, 1967, was, contrary to the decision of the commission, timely filed under ORS 314.380 which allows a taxpayer's report of a federal correction to be considered a claim for refund and (2) that they are entitled to relief under the mitigation of limitations statute, ORS 314.120(5), to which more specific reference will be made later. Both contentions involve problems of technical statutory construction.

The question of whether plaintiffs' report of the federal correction to the tax commission was timely filed will be considered first. ORS 314.380, allowing the report of a federal correction to be considered a claim for a refund, states that the report shall be considered a claim for refund and "shall be deemed timely if filed with the commission within one year after the federal correction has become final."

In the instant case the federal correction was issued in December, 1965, and the plaintiffs' report of the federal correction was not filed with the tax commission until May 9, 1967. The question is when the federal correction became final. The plaintiffs argue that it did not become final until two years after the federal deficiencies for 1961 through 1964 were paid (which apparently was in March, 1966) because they had two

---

① ORS 314.415 establishes the time limitation for refunds to taxpayers. Generally, it provides that no refund shall be made after three years from the time the return was filed or two years from the time the tax was paid, whichever period expires the later.

years in which to file suit for a refund. See Int Rev Code of 1954, § 6511.

■ ORS 314.380 allows the *taxpayer* to file a claim for refund within one year after the federal correction has become final. ORS 314.410 allows the *tax commission* one year after the federal correction becomes final to assess a deficiency against the taxpayer. Thus in each instance the taxpayer and the commission have the same time—one year after the federal correction becomes final—in which the taxpayer may apply for a refund or the commission to assess a deficiency.

■ The commission has not promulgated a regulation for ORS 314.380 but has adopted Reg 314.410(3) for ORS 314.410(3). The regulation states that a "federal assessment becomes final when it is issued." Although an assessment is not generally said to be final when it is issued because it may be appealed, there are reasons for the regulation. The state, as a separate entity from the federal government, should not be required to follow the status of a taxpayer's case in the federal courts for the purpose of determining the time limits of its own assessments. Both statutes should be interpreted the same so that both parties have the same time in which to claim a refund or assess a deficiency. To allow the taxpayer a much longer period to file his claim for a refund would be illogical. It could result in the taxpayer having a total of three years in which to claim a refund after a federal correction and the state having only one year after a correction in which to assess the deficiency. An interpretation of the statute giving both parties one year after the assessment has been issued is reasonable and practical. It is particularly appropriate in this case because the plaintiffs treated the federal assessment as final when it was issued in December, 1965, paid the deficiency to the In-

ternal Revenue Service in March, 1966, did not appeal and, in fact, treated the federal deficiency assessments for 1961 through 1964 as correctly and properly issued.

The commission was correct in its decision that plaintiffs' claim for refund was not timely filed under ORS 314.380.

Plaintiffs' principal argument for reopening 1960 and allowing the refund is based on ORS 314.120(5), the mitigation of limitations statute, which provides for the correction of errors in tax returns where the correction is barred by the statute of limitations. The pertinent part of that statute reads:

"* * * When a determination of tax liability:
"* * * * *

"(5) Determines the basis of property for depletion, exhaustion, wear and tear, or obsolescence, or for gain or loss on a sale or exchange, and in respect of any transaction upon which such basis depends there as an erroneous inclusion in or omission from the gross income of * * * the taxpayer * * * .

"and on the date the determination of liability becomes final, correction of the effect of the error is prevented by the operation of any provision of any income tax law of this state * * * then the effect of such error shall be corrected * * * but only if in the determination of tax liability the commission or the taxpayer * * * maintains a position inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be. * * *"

■ To come within the statute the plaintiffs must show (1) a "determination of tax liability" which (2) determined the basis of property for depletion or for gain or loss on a sale or exchange, (3) that the transaction upon which such basis depended involved an erroneous inclusion in, or omission from, gross income

of the plaintiffs, (4) that on the date the determination became final correction of the error was prevented by the statute of limitations, and (5) that the tax commission in determining the tax liability maintained a position which was inconsistent with the erroneous inclusion in or exclusion from income in the barred year, 1960.

■ The plaintiffs must meet the burden of proving all the above prerequisites in order to invoke the mitigation provisions and avoid the statute of limitations. *United States v. Rosenberger*, 235 F2d 69, 73 (2d Cir 1956), 49 AFTR 1682, 1686, 56-2 USTC ¶ 9829; *Sherover v. United States,* 137 F Supp 778, 780 (SD NY 1956) 49 AFTR 31, 33, 56-1 USTC ¶ 9287; *Brennan v. Commissioner*, 20 TC 495, 499 (1953).

Assuming that there was a final determination of tax liability by the tax commission when it assessed the deficiencies, and that the commission in its determination of tax liability maintained an inconsistent position, the plaintiffs still cannot prevail because the commission's ruling did not determine the basis of property nor do the facts herein constitute a transaction upon which basis depended.

■ The Oregon mitigation statute, ORS 314.120 (5), was obviously borrowed from § 3801(b)(5) of the 1939 Internal Revenue Code. Both require that the determination of tax liability must "determine the basis of property." The 1954 federal statute is more liberal than the 1939 statute and includes cases not only where there is an erroneous treatment of a transaction upon which basis depended, but also cases where a transaction is "erroneously treated as *affecting* such basis." Int Rev Code of 1954 § 1312(7)(A).

■■ In order to be entitled to an adjustment for 1960 it is necessary under the Oregon statute for the

opinion and order of the tax commission to have determined the basis of property and that there be an erroneous treatment of a transaction upon which such basis depended. *Mitigation of the Statute of Limitations in Federal Taxation*, 1 UCLA Law Rev 60. It is not sufficient under the 1939 federal code if the determination of liability or the transaction merely affected the basis. *Brennan v. Commissioner, supra*, at 500. The "prerequisite to any relief under the basis provision of section 3801 [of the 1939 code] was that the determination determine basis *explicitly*." 72 Harv Law Rev 1536, 1548. (Emphasis supplied.)

 In this case the opinion and order of the tax commission which constituted the determination of tax liability as required by ORS 314.110(1) did not determine the basis in either the old or the new building.[2] Originally the plaintiffs had attempted to spread the loss over the years 1961 through 1964 but the Internal Revenue Service held, and plaintiffs agreed, that the total loss should have been deducted in 1960. The commission auditor, believing that the Oregon law was not the same as the federal law, decided that the loss should be added to the basis in the new building. However, the commission disagreed with the auditor and held that the loss should have been taken as a deduction in 1960. The original action of the taxpayers in spreading the demolition loss over four years did not determine the basis in either the old building or the new building. The action of the commission auditor in holding that the loss should be added to the cost of the new building and subsequently depreciated did affect the plaintiffs' basis in the new building. However,

---

[2] ORS 314.110(1) reads, in part: "The term 'determination of tax liability' means an appealable order or ruling of the State Tax Commission upon an appeal to it by a taxpayer * * *."

the action of the auditor was not the action of the tax commission. ORS 314.110(1), *supra*, requires the determination of tax liability to be an appealable order or ruling of the tax commission. When the commission's order denied the claimed deductions from 1961 through 1964 it held that plaintiffs should have deducted the $23,000 as a demolition loss in 1960. A determination which passes upon the propriety of a deduction does not determine basis. *Brennan v. Commissioner, supra,* at 500; *Sherover v. United States, supra,* at 781.

In addition to the fact that the opinion and order of the tax commission did not determine the basis explicitly, the statute also requires that there be an erroneous treatment of a transaction upon which such basis depends. It is not clear from the statute as to what constitutes such a "transaction".[9] The erroneous treatment of the transaction in this case must have been the plaintiffs' error in attempting to write off the demolition loss from 1961 through 1964 instead of deducting it entirely in 1960. However, while plaintiffs' treatment of the loss was erroneous, the basis of the property did not depend upon it. Plaintiffs treated the loss as a deduction over the ensuing four years and the commission now agrees that such loss was totally deductible in 1960 as a demolition loss. Neither the basis in the old building nor the basis in the new building depended upon plaintiffs' attempt to write it off or to deduct it in 1960. The basis in both buildings remained the same after plaintiffs' attempted write-off and the commission's final action.

The plaintiffs contend that when all parties agreed that the loss was deductible in 1960 the tax commission

[9] See: *Basis of Property After Erroneous Treatment of a Prior Transaction,* 12 Tax Law Rev 365, 378.

acted inequitably in assessing deficiencies for 1961 through 1964 and refusing to reopen 1960 and grant them the refund for that year. However, the tax year 1960 is closed by the statute of limitations, the plaintiffs' claim for a refund was not timely filed and the mitigation statute does not apply for the reasons indicated herein.

The order of the commission is affirmed.