Argued and submitted January 6, affirmed May 19, 1971

# INDUSTRIAL AIR PRODUCTS CO., *Appellant, v.* DEPARTMENT OF REVENUE, *Respondent.*

485 P2d 24

EDWARD H. HOWELL, Judge.

*Brian Steenson*, Portland, argued the cause for appellant. With him on the briefs were Jones & Brown and Garthe Brown, Portland.

*Donald C. Seymour*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Richard A. Uffelman, Assistant Attorney General, Salem.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE, and BRYSON, Justices.

BRYSON, J.

Plaintiff, an Oregon corporation, appeals from the decree of the Oregon Tax Court affirming an order of the Department of Revenue which assessed additional corporate excise taxes against plaintiff for the fiscal years ending January 31, 1960, through January 31, 1964. The opinion of the tax court is reported in 4 OTC Adv Sh 103 (1970). The defendant demurred to plaintiff's complaint, and the case was submitted on a stipulated set of facts.

Plaintiff is a manufacturer of industrial gases and industrial equipment. For each of the fiscal years involved, plaintiff filed corporation excise tax returns with the defendant and paid the excise tax indicated.

For the reasons hereinafter stated, the returns understated the excise tax payable for each of the fiscal years. Under ORS 317.070 (2), plaintiff corporation is allowed a personal property tax offset against corporation excise tax due. The amount of the offset is either the amount of personal property taxes paid on certain qualifying personal property or one-third of the excise tax payable, whichever is the lesser. However, for each of the years involved, plaintiff inadvertently offset the *total* amount of personal property taxes paid, not just the personal property tax on personal property that qualified, against its excise tax payable, resulting in an annual underpayment of its excise tax. There is no issue of fraud; the erroneously claimed offsets were simply mistakes.

Plaintiff's error was not discovered by the defendant until after the Federal Internal Revenue Service had audited plaintiff's federal tax returns and informed defendant of certain adjustments. The record before us is silent with respect to which items were corrected on plaintiff's federal returns. We note from the stipulation that they "resulted in the recognition of $250 or more of additional net income subject to tax by the State of Oregon." Subsequent to the 1963 amendment, ORS 314.380 requires the plaintiff to report a federal change or correction within 90 days after the correction is final if the change results in the recognition of $250 or more of additional *net* income subject to tax by this state. The Internal Revenue Service was not concerned with the personal property tax offset and, therefore, no federal correction was made on this portion of the return.

Upon being informed of the federal corrections, the defendant, pursuant to ORS 314.410 (3), undertook an audit of plaintiff's state excise tax returns. In ad-

dition to adjusting items on the state returns to conform with the federal corrections, defendant also re-examined the plaintiff's personal property tax offset and discovered the error that plaintiff inadvertently offset the total amount of personal property taxes against its excise tax payable. The defendant disallowed the amounts of the offset improperly claimed. In May 1968, the defendant gave notice to plaintiff of deficiencies and proposed assessment for the additional excise tax claimed due. The deficiencies were assessed in January 1969. After a hearing before the State Tax Commission, the additional assessment was upheld which, in turn, was upheld by the State Tax Court.

The issue presented on this appeal is whether the defendant, under ORS 314.410 (3), can make changes or corrections to the plaintiff's Oregon corporate excise tax returns and tax due by altering an improperly claimed personal property offset taken pursuant to ORS 317.070 (2), even though these items were not adjusted by the Internal Revenue Service.

The plaintiff concedes that it erroneously offset an excessive amount of personal property taxes against its corporate excise taxes, under ORS 317.070, for each of the years involved.

Therefore, the outcome of this case turns on the interpretation placed on ORS 314.410. The statute in force at the time of the defendant's notice of deficiency and proposed assessment read as follows:

> ORS 314.410. "(1) At any time within three years after the return was filed, the department may give notice of proposed assessment as prescribed in ORS 314.405.
>
> "(2) If the department finds that gross income equal to 25 percent or more of the gross income

reported has been omitted from the taxpayer's return, notice of proposed assessment may be given at any time within five years after the return was filed.

"(3) The limitations to the giving of notice of proposed assessment of a deficiency provided in this section shall not apply to a deficiency resulting from false or fraudulent returns, or in cases where no return has been filed. If the Commissioner of Internal Revenue or other authorized officer of the Federal Government makes a correction resulting in additional income tax for state income tax purposes, and a report thereof is filed with the department by the taxpayer in accordance with ORS 314.380, then notice of a proposed assessment of income tax under any law imposing tax upon or measured by income for the corresponding tax year may be mailed within one year after such federal correction becomes final, or within the applicable three-year or five-year period prescribed in subsections (1) and (2) of this section, respectively, whichever period expires the later. The limitations to the giving of notice of proposed assessment of a deficiency shall not apply where a taxpayer has failed to file any report or amended return required of him by ORS 314.380 until three years after the federal correction becomes final.

"* * * * *."

The defendant seeks to uphold the additional assessment under the second and third sentences of ORS 314.410 (3). It is conceded the deficiency assessed arose only after the erroneously claimed personal property tax offsets were disallowed, and that those offsets were not corrected or adjusted by the federal government on plaintiff's federal returns. Defendant's position is that ORS 314.410 (3) contains, on its face, no restriction on the items the state may adjust on the defendant's state tax returns once items on that taxpayer's federal returns have been corrected by the

federal government. The defendant argues that under the literal terms of ORS 314.410 (3), "[a]ll that is necessary for the defendant to assess taxes within the time prescribed is that the condition precedent exist, *i.e.*, assessment of additional taxes by the federal government." Thus, defendant concludes that since the "condition precedent" to the extension of the period of limitation in ORS 314.410 (3) is satisfied under the facts of this case and, further, since the plaintiff had not filed the report of federal adjustments required of it under ORS 314.380, the notice of deficiency and proposed assessment given in May 1968, was within the three-year period prescribed in the third sentence of ORS 314.410 (3), and that therefore the deficiency assessment is not barred.

Plaintiff bases its contention largely on the legislative history of the statute and on prior administrative practices of the defendant under the statute, and contends that if assessments of additional tax are to be made under either the second or third sentences of ORS 314.410 (3), the grounds, therefore, must be restricted to those shown by the federal adjustments. Plaintiff points out that the erroneous personal property tax offsets were not corrected by the federal government and, therefore, argues that any deficiency assessment based on disallowance of those portions of plaintiff's offsets erroneously claimed is barred by the three-year limitation in ORS 314.410 (1). We have reviewed the legislative history of ORS 314.410 (3) and its preceding statutes.

The plaintiff contends further that statutes in other states similar to ORS 314.410 (3) have been interpreted to limit the state tax authorities to those adjustments occasioned by changes or corrections made by the Internal Revenue Service.

1, 2. We cannot accept this interpretation of ORS 314.410 (3). A portion of that subsection specifically reads:

> "* * * If the Commissioner of Internal Revenue or other authorized officer of the Federal Government makes a correction resulting in additional income tax *for state income tax purposes,* and a report thereof is filed with the department by the taxpayer in accordance with ORS 314.380, then notice of a proposed *assessment of income tax under any law imposing tax* upon or measured by income for the corresponding tax year * * * may be mailed * * *." (Emphasis added.)

It seems clear that the correction made by the federal government in plaintiff's corporate excise tax return resulted in additional income tax for state tax purposes in favor of the State of Oregon. Also, this empowers the defendant, under the statute, to give notice of a proposed assessment of income tax under any law imposing tax upon or measured by income. Both *Warm Sprgs. Lbr. Co. v. Tax Com.,* 217 Or 219, 342 P2d 143 (1959), and *Simpson Timber Co. v. Tax Commission,* 250 Or 434, 443 P2d 162 (1968) are cited. However, in *Warm Sprgs. Lbr. Co.,* the court was concerned with a statute relating to *income* that had not been assessed, and in *Simpson Timber Co.,* the statutes related to whether a *deficiency* existed. Neither case ruled on the specific question involved here.

We do not feel that the assessments for additional corporate excise taxes were barred by the statute of limitations.

In *Simpson Timber Co.,* this court, in discussing *Warm Sprgs. Lbr. Co.,* stated:

> "We held that if all of a taxpayer's income had been reported in his return and the deficiency in-

volved only an improper credit, the limitation of the statute did *not* apply." (Emphasis supplied.) 250 Or 434 at 439.

Also, this court stated in *Warm Sprgs. Lbr. Co.*:

"The word 'credit,' as used in such a statute, is the equivalent of an offset. 3 Paul and Mertens Law of Federal Income Taxation 535, note 13." 217 Or 219 at 231.

In the case at bar, plaintiff reported all of its income except those errors disclosed by the audit of the Federal Internal Revenue Service. Here we are concerned solely with the erroneous offset for personal property taxes paid. "Offset" and "credit," for the purposes intended here, are synonymous.

By using incorrect personal property tax payments as an offset in arriving at its net corporate excise tax, plaintiff invited the very thing that they now complain of. In other words, to arrive at a correct net tax due under Oregon statutes, the defendant had to, or should, determine if the personal property tax offset claimed was a proper amount. The personal property tax offset against corporate excise tax due, as provided in ORS 317.070, is a legislative invention most peculiar to Oregon and is not found in federal corporate excise tax law. Therefore, the Federal Internal Revenue Service was not concerned with plaintiff's personal property tax offset. The State Department of Revenue was by law concerned and required to determine if the offset figure used by plaintiff was a correct one in order to arrive at the correct net corporate excise tax due.

The opinion of the Oregon Tax Court is affirmed.