## INTERNATIONAL HEALTH & LIFE INSURANCE COMPANY *v.* DEPARTMENT OF REVENUE

Stephen B. Hill, Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, represented plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered October 8, 1973.

CARLISLE B. ROBERTS, Judge.

International Health & Life Insurance Co. (formerly International Health Assurance Co.) appealed from defendant's Tax Refund Denial Order No. 223,

seeking a refund of corporation excise taxes (ORS ch 317) paid for the tax years 1964 and 1966.

The chain of events which created the problem is best set out in chronological order.

Industrial Hospital Association, a California corporation doing business in Oregon (hereinafter designated "Industrial"), was incorporated prior to 1963. It qualified to sell health insurance only. The plaintiff ("International") was incorporated in Oregon in November or December 1963, all of its stock, except five shares held as directors' qualifying shares, being owned by Industrial. It was authorized to sell hospital insurance as well as life insurance. International had no employees or offices, and it appears that the employees of Industrial performed all of its work, including accounting, selling, contract negotiations, price setting on contracts and the like. Both Industrial and International filed separate corporation excise tax returns in the State of Oregon for the tax years 1963, 1964 and 1965. Both corporations did business in more than one state and filed corporation excise tax returns in Oregon in accordance with the apportionment method (ORS 314.650 et seq., 1965 Replacement Part). The apportioned Oregon net income or loss on excise tax returns in question was shown thus:

| Year | International | Industrial |
|------|--------------|------------|
| 1964 | ($ 4,067.74) | $58,579.23 |
| 1965 | $ 4,924.53 | ($72,246.46) |
| 1966 | $95,171.54 | ----------- |

Sometime before December 10, 1965, a third corporation, Pacific Insurance Investment Co. ("Pacific"), a corporation with its principal place of business in San Francisco, but active in Oregon, acquired 77.6

percent of the stock of Industrial. On December 10, 1965, Pacific purchased the remaining stock of Industrial and on December 31, 1965, Industrial was dissolved by Pacific, all of its assets being transferred to International (formerly Industrial's wholly owned subsidiary) and all of the stock of International was transferred to Pacific.

It appears that in the summer of 1969, International and the defendant had some contact respecting taxation. On August 25, 1969, the parties agreed to extend the time for assessment, proposed assessment or refund of International's corporation excise tax for 1965 until December 31, 1970, pursuant to ORS 314.410 and 314.415 (1969 Replacement Part); a further extension for 1965 and one for 1966 were executed on August 12, 1970, extending the time to December 31, 1971.

On March 15, 1971, plaintiff had filed a claim in the office of the District Director, Internal Revenue Service, on form 843, based on the Internal Revenue Service's recognition that the business operations and assets of Industrial had been transferred to the plaintiff in a reorganization qualifying under the Int Rev Code of 1954, § 368 (a)(1)(F), and, pursuant to Treas Reg § 1.381 (b)-1(a)(2), plaintiff was entitled to carry back its net operating loss for the tax year ending December 31, 1967, against the taxable income of its predecessor, Industrial, for the tax year ending December 31, 1964, "resulting in the elimination of predecessor's entire taxable income of $64,505.72" for federal income tax purposes.

On June 25, 1971, the defendant mailed to International a notice of corporation excise tax deficiency and proposed assessment for the tax year 1965, based upon a federal revenue agent's report. The defend-

ant's billing made two adjustments: assets received by the plaintiff under a reinsurance agreement were placed in premium income instead of being credited to paid-in capital; a 1964 loss carried over to 1965, taken upon the plaintiff's return on account of reimbursing Industrial Health Services, Inc., a nonprofit California corporation, was deemed to be segregable to California and not deductible upon the Oregon unitary operation. On August 13, 1971, at an informal conference, defendant allowed an apportioned part of the 1964 loss carry-forward and International accepted the increase in premium income. This was verified in writing on September 9, 1971.

Following the conference with defendant on August 13, 1971, International's officers considered the effect of the federal recognition of the December 31, 1965, reorganization of Industrial and International, described above, and decided that the apportionment formula used in the 1964 corporation excise tax return was incorrect with regard to the net operating loss carry-forward and that amended Oregon returns for 1965 and 1966 should be filed. International's amended returns for 1965 and 1966, both dated August 24, 1971, were thereupon filed with the defendant. Each return was accompanied by a copy of the agreement extending the period of limitation for a refund, referred to above. Each schedule in the returns was left blank except for the words, "All as originally filed," and the like, and a new page was added showing the Oregon apportioned income for the original return less an operating loss carry-forward deduction, amending the 1964 carry-forward by an "Oregon apportionment including International and Industrial," substantially increasing the Oregon loss. The same formula was then carried into the 1966 amended return.

It appears that this first evidence of a close relationship between International and Industrial caused a new study to be made by the defendant of the corporation excise tax returns of both International and of Industrial. Apparently specific inquiries as to the corporate relationships were directed to taxpayer's counsel which were answered by letter of January 12, 1972, signed by a senior vice-president and treasurer of International. This material was forwarded to the defendant, with a covering letter dated January 19, 1972, by plaintiff's counsel. It was then determined by the Department of Revenue's auditor that Industrial and International should have filed consolidated returns of corporation excise taxes in Oregon pursuant to ORS 317.360, for the tax years 1963, 1964 and 1965, because the two corporations were affiliated (Industrial owning at least 95 percent of the voting stock of International) and because their activities in Oregon and in other jurisdictions were unitary.

On March 3, 1972, plaintiff prepared and mailed to defendant a "report required by ORS 314.380," to which was attached its claim to the Internal Revenue Service on form 843 (referred to above under date of March 15, 1971), stating that, pursuant to the determination of the Internal Revenue Service of the nontaxable reorganization under Int Rev Code of 1954, § 368 (a)(1)(F), a refund claim had been filed with the Internal Revenue Service with respect to the corporate income taxes paid by Industrial for calendar year 1964 which had been approved by the Internal Revenue Service, thus presumably opening International's 1964 return for review by the defendant. Since 1963, ORS 314.380 has provided:

"(2) If the amount of a taxpayer's federal taxable income reported on his federal income tax re-

turn for any taxable year is changed or corrected by the United States Internal Revenue Service * * *, resulting in recognition of $250 or more of additional net income which is subject to tax by this state, the taxpayer shall report such change or correction in federal taxable income to the department [the defendant] within 90 days after the final determination of such change or correction. *The taxpayer may file a report of a federal change or correction, and the report of the federal change or correction shall be treated by the department as a claim for refund* pursuant to ORS 314.415 and, notwithstanding the limitations of ORS 314.415, shall be deemed timely if filed with the department within one year after the federal correction has become final. * * *" (Emphasis supplied.)

The report was signed by an officer of International and was received by the defendant on March 7, 1972. The department, on April 18, 1972, addressed a letter to Industrial relating to the tax year 1964, taking note of the refund claim "filed pursuant to ORS 314.415" in the sum of $2,348.15, and denied the claim because "the adjustment made by the Internal Revenue Service does not affect Oregon taxable income for 1964, since Oregon law (ORS 317.297) does not provide for a carry-*back* of a net loss."

Under the same date, April 18, 1972, defendant addressed a letter to International with respect to a claim of refund received August 21, 1971, filed pursuant to ORS 314.415 for the year 1966 in the amount of $5,700.29, stating that the claim had been examined and could be allowed only in the sum of $3,805.74, based upon a consolidation of returns of International and Industrial for 1964 and 1965, affecting 1966.

The auditor's determinations for 1964 and 1966 were confirmed upon appeal to the defendant's ad-

ministrator in Tax Refund Denial Order No. 223, under a letter dated November 2, 1972.

The major conflict between the parties is the income tax treatment to be accorded the net income losses suffered by International and Industrial during the years 1964 and 1965, specifically as it affects the tax years 1964 and 1966. Both parties agree that the relationship between the corporations justified the treatment of the loss by one as the loss of the other. However, plaintiff seeks recognition of a loss carry-forward, so that the loss of one year diminishes·taxable income in the succeeding year or years, while defendant insists that the returns of the two corporations should be consolidated and, in consequence, the loss of one corporation for a particular year will be an offset against the income of the other corporation for the same year.

Defendant stands on two propositions: first, that the returns of International and Industrial, from the time of the incorporation of International in November or December 1963, should have been consolidated with the returns of Industrial, pursuant to ORS 317.360,[1] for Oregon corporation excise tax purposes;

---

[1] ORS 317.360 states:

"(1) Where a corporation required to make a return under this chapter is affiliated with another or other corporations (whether or not such corporation or corporations are doing business in Oregon) and the income of the corporation required to. make the return is affected or regulated by agreement or arrangement with such affiliated corporation or corporations, the department may permit or require a consolidated return and apply the tax upon that part of the income shown on the consolidated return which is properly attributable to this state under the rules and regulations of the department relating to allocation of income. The corporations which are joined in a consolidated return shall be treated as one taxpayer.

and second, that, although the statutory time limit for assessment of deficiency (ORS 314.410) prevented the defendant's imposition of its authority as to the tax year 1964, this did not prevent its examination of the 1964 tax year for the purpose of determining the proper return and tax for 1965 which, in turn, affected the refund allowable for 1966. Although relying upon data obtained with respect to the tax year 1964 in order to determine the possibility of a loss carry-over on the consolidated return for 1965, the auditor determined that no additional tax could be imposed or refund granted for the 1964 year for the reason that the time had passed when such action could be taken pursuant to ORS 314.410 and 314.415.

The court finds that there was a legal basis for requiring the consolidation of the returns of International and Industrial for the years 1964 and 1965, pursuant to ORS 317.360. The determination to consolidate is a matter within the discretion of the Department of Revenue ("the department may permit or require * * *") and it has exercised its option. All the necessary criteria are met: (a) both corporations were subject to ORS ch 317; (b) Industrial owned 95 percent or more of the voting stock of International; and (c) the parties have stipulated that the income of

"(2) For the purposes of this section two or more corporations are affiliated if:

"(a) One corporation owns at least 95 percent of the voting stock of the other or others, or

"(b) At least 95 percent of the voting stock of two or more corporations is owned by the same interests.

"(3) If any corporation or corporations which are required to file a consolidated return fail to file such a return, the department may estimate, according to its information and belief, the amount of income which would be shown in a consolidated return and determine the tax due from such estimate."

the corporations was "affected or regulated by agreement or arrangement" with each other.[2]

The Department of Revenue, having elected to consolidate the returns of International and Industrial, was then required by ORS 317.360 (1) to treat the corporations so joined "as one taxpayer." It logically follows that the loss of one corporation in a given year would be deducted from the taxable income of the other for the same year. The adoption of this principle, of course, is the issue particularly protested by the plaintiff.[3]

With relation to its first cause of action, the plaintiff contends that it was *entitled* to carry forward to 1965 and 1966 "its net operating loss for 1964 in the amount of $46,582.06," and argues that it was not *required* under ORS 317.360 to file its corporation excise tax returns for 1964 and 1965 on a consolidated basis with Industrial, which also affected 1966.

As pointed out by the defendant's witness, plaintiff's method of utilizing Industrial's net losses, treated as an apportioned carry-over in the amended returns for International for 1965 and 1966, was a hybrid

---

[2] There is some suggestion by the plaintiff that logic requires Pacific, also, to be consolidated with the International and Industrial return. However, neither party elected to consolidate, Pacific filed a segregated return in Oregon, and the testimony of defendant's auditor indicated that he could not recommend such a consolidation. The testimony in the record is insufficient to permit the court to act on it.

[3] The parties' Stipulation 15 recites: "15. The net income and loss as reported on the separate excise tax return (as amended) of plaintiff, Industrial and PIICO [Pacific] correctly reflects the income attributable to Oregon for the 1964, 1965 and 1966 tax years." Plaintiff has suggested that this constitutes an estoppel of the defendant. The court, however, finds it is an agreement only as to the mathematical correctness of the several returns under the theory originally followed by plaintiff in filing them.

method not sanctioned by any authority. As stated above (n ⑨), ORS 317.360 gives the Department of Revenue the discretion to "permit or require a consolidated return and apply the tax upon that part of the income shown on the consolidated return which is properly attributable to this state under the rules and regulations of the department relating to allocation of income."

█ The facts of this case bring it within the scope of the consolidated-return requirement and the Department of Revenue is empowered to exercise its option as to those years which are open for modification under the statute. The defendant asserts that (apart from plaintiff's claim under ORS 314.380) 1964 was not open to change so as to permit additional taxation or to grant a refund, but insists that the records are open to examination and to the necessary tax accounting required to develop mathematical calculations for the succeeding year, 1965. This court agrees. *Springfield Street Railway Co. v. United States,* 312 F2d 754 (Ct Cl 1963), 63-1 USTC ¶ 9189, 11 AFTR2d 450; 5 Mertens, *Law of Federal Income Taxation,* § 29.16; Rev Rul 56-285, 1956-1 Cum Bull 134.

Plaintiff's next contention, relating to its first cause of action, is set out in its complaint, at 2:

"(e) Even if defendant can require plaintiff to file its corporation excise [tax] return for 1964 on a consolidated basis with Industrial, plaintiff is entitled to the remainder of the [1964] refund under the doctrine of equitable recoupment."

This matter is given further consideration below.

█ As its second cause of action, plaintiff states that it is aggrieved and directly affected by the "order (Tax Refund Denial Order No. 223) [of defendant]

denying the refund of corporation excise tax in the amount of $2,348.15 for the tax year 1964." It points out that, in accordance with ORS 314.380, a timely report of the Internal Revenue Service's determination of a nontaxable reorganization, filed with the defendant, constituted a refund claim and that the net operating loss of plaintiff for 1964 should be offset against the net operating income of Industrial for 1964 (thus accepting defendant's consolidation of returns in this instance).

It is alleged by plaintiff that defendant "apparently" denied the 1964 refund claim because the determination of the Internal Revenue Service for International's 1966 tax year, described above, did not constitute a "change or correction" by the United States Internal Revenue Service within the provisions of ORS 314.380 (2), resulting in recognition of $250 or more of additional net income subject to tax by Oregon. Defendant concluded that the limitation of ORS 314.415 therefore was not enlarged so as to permit a revision of the 1964 return. This construction by plaintiff of the basis of defendant's denial is substantiated by the defendant's pre-trial memorandum.

Surprisingly, defendant overlooks that part of ORS 314.380 (2) which reads:

"* * * The taxpayer may file a report of a federal change or correction, and the report of the federal change or correction shall be treated by the department as a claim for refund pursuant to ORS 314.415 and, notwithstanding the [time] limitations of ORS 314.415, shall be deemed timely if filed with the department within one year after the federal correction has become final. * * *"

This provision for refund gives opportunity for an extension of the period of limitation which is parallel

to the provision for additional tax assessment in ORS 314.380 (2) except that it has no requirement of a minimum tax effect of $250. The words "federal change or correction" are broad enough to include the action of the Internal Revenue Service in 1966, specifically affecting plaintiff's tax return for 1964.

On the basis of the evidence, it appears plaintiff timely filed a refund claim which opened the 1964 year for correction "notwithstanding the limitations of ORS 314.415." *Gender v. Commission,* 3 OTR 260, 265 (1968). Once the tax year is opened by a claim for additional tax or refund, the defendant is not circumscribed by the federal change or correction. It has the duty to gather all the facts and to grant a refund or to assess additional tax for that year as the facts and law require. This is a logical extension of *Industrial Air Prod. v. Dept. of Rev.,* 259 Or 38, 485 P2d 24 (1971). (Because of this conclusion, there is no need to consider further the claim for recoupment which is a part of plaintiff's first cause of suit.)

The tax year 1964 thus being reopened, defendant is required to apply its rule of consolidation to that year and measure the tax or refund accordingly for the years 1964 and 1966.

A form of decree shall be prepared by defendant in accordance with the court's conclusions and submitted pursuant to Rule 27 of the rules of the court.