## RAINIER MANUFACTURING CO. *v.*
## DEPARTMENT OF REVENUE

Plaintiff represented by Charles P. Duffy and Gary D. Allen, Duffy, Stout, Georgeson & Dahl, Portland.

Defendant represented by G. F. Bartz, Assistant Attorney General, Salem.

Decision for defendant on Decisive Demurrer rendered March 7, 1974.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from the Department of Revenue's Order No. I-73-46 (dated August 9, 1973), which denied plaintiff's refund claim of corporation excise taxes for the tax year 1965. The defendant ruled that the refund claim did not come within the applicable statutory period of limitations, either under ORS 314.380 (2) or under ORS 314.415.

The defendant demurred to the plaintiff's complaint on the ground that the facts alleged therein were not sufficient to constitute a cause of suit. Counsel for the parties agreed that a decision on the demurrer would decide all the issues, and proceeded in accordance with the court's Rule 16.

Since the facts involved are undisputed, the court adopts plaintiff's statement thereof, set out in its brief filed on October 22, 1973, as follows:

"Rainier Manufacturing Co. ('Plaintiff') is an Oregon corporation authorized to do and doing business in Oregon.

"By agreement between Plaintiff and the Oregon State Department of Revenue ('Defendant'), dated February 10, 1969, the statute of limitations with respect to Plaintiff's 1965 tax year was extended to April 15, 1971. This agreement was made pursuant to ORS 314.415 (2). But for the agreement, the statute of limitations with respect to Plaintiff's 1965 tax year would have expired as of April 15, 1969.

"Prior to 1970, Plaintiff was audited by the United States Internal Revenue Service ('Service'). The auditor concluded that there was a federal income tax deficiency against Plaintiff for the 1964 tax year and a federal income tax over-assessment of Plaintiff for the 1965 tax year. On May 18, 1970, Plaintiff and the Service reached an agreement as to the exact amounts of the deficiency and the over-assessment, with the balance thereof to be billed Plaintiff at a later date.

"On May 20, 1970, and in accordance with ORS 314.380 (2), Plaintiff sent to Defendant a copy of the Service's audit report covering both the 1964 and 1965 tax years, the accuracy of the report's determinations being conceded by Plaintiff.

"On June 26, 1970, the Service issued its statement assessing Plaintiff for the 1964 deficiency and showing a credit thereto for the 1965 over-assessment, all in accordance with the May 18, 1970, settlement mentioned above. Because of this federal over-assessment for 1965, Plaintiff then filed a claim for refund of corporation excise tax with Defendant for the same year. Defendant paid the refund in May of 1970. However, because of the federal deficiency against Plaintiff for 1964, a No-

tice of Deficiency and Proposed Assessment for 1964 was sent Plaintiff by Defendant. Plaintiff paid this deficiency in July of 1970.

"On April 28, 1971, Plaintiff filed with Defendant a second claim for refund of corporation excise tax for the 1965 tax year, this claim in the amount of $13,463.00. This second refund claim was based upon the fact that the State of California had taken the position that $224,382.00 of Plaintiff's income for 1965, which had been reported to and already taxed by the State of Oregon, was allocable to the State of California. (California viewed Plaintiff and a California corporation as unitary.) Plaintiff contested the position taken by the State of California with respect to the additional income of Plaintiff allegedly allocable to that state. Thereafter, the deficiency was paid in full by Plaintiff to the State of California.

"On June 26, 1971, the statute of limitations provided for in ORS 314.380 (2), which, for convenience, will be referred to as the 'federal-correction' statute of limitations, expired. (This statute had begun to run as of June 26, 1970, the date on which the federal assessment of Plaintiff for the 1964 tax year, which included a credit for the overassessment of Plaintiff for the 1965 tax year, was issued.) Plaintiff's second refund claim for the 1965 tax year, having been filed with Defendant on April 28, 1971, was, therefore, filed before the one-year federal-correction statute of limitations expired.

"Defendant's Audit Division denied Plaintiff's refund claim [based on the California adjustment] for the 1965 tax year, and this denial was affirmed by the Appeals Division of Defendant upon the grounds that the refund claim was barred by the running of the statute of limitations. Defendant acknowledges that Plaintiff is otherwise entitled to the refund claimed.

"* * * * *

"Plaintiff realizes that many dates are involved in this case and that this can make it difficult to get a clear picture of the facts. Therefore, in an effort to relate the facts as clearly as possible, the following chronological depiction of the case is offered to assist the Court:

"1. February 10, 1969: Plaintiff and Defendant agree, pursuant to ORS 314.415 (2), to extend the Oregon statute of limitations for Plaintiff's 1965 tax year from April 15, 1969, to April 15, 1971.

"2. Audit by the Service of Plaintiff's 1964 and 1965 tax returns.

"3. April 15, 1969: The Oregon statute of limitations for Plaintiff's 1965 tax year would expire this date but for the agreement between Plaintiff and Defendant extending it.

"4. July 2, 1969: Notice of Deficiency and Proposed Assessment sent Plaintiff by Defendant regarding Plaintiff's 1964 tax year. This corporation excise tax deficiency is paid in full by Plaintiff.

"5. May 18, 1970: Plaintiff and the Service reach an agreement with respect to the amounts of both the deficiency assessment for 1964 and the over-assessment for 1965, a billing for the balance due to be issued by the Service at a later date.

"6. May 20, 1970: Plaintiff sends Defendant a copy of the Service's audit report, as required by ORS 314.380 (2), and concedes the accuracy of the report's determinations. (During this same month, Defendant pays Plaintiff's refund claim, which is based on the federal over-assessment of Plaintiff for 1965.)

"7. June 26, 1970: The Service issues its bill assessing Plaintiff for the difference between the 1964 federal deficiency and the 1965 federal over-assessment. (The 1965 federal changes and corrections are now final and the one-year 'federal-correction' statute of limitations begins to run.)

"8. <u>April 15, 1971</u>: The Oregon statute of limitations for Plaintiff's 1965 tax year expires, as per the agreement between Plaintiff and Defendant extending it to this date.

"9. <u>April 28, 1971</u>: Plaintiff files with Defendant its second refund claim for the 1965 tax year. (This claim is based on the <u>California</u> deficiency assessment.)

"10. <u>June 26, 1971</u>: The 'federal-correction' statute of limitations of ORS 314.380 (2) expires (one year from the date the federal changes and corrections became final.)"

The plaintiff has relied upon the language of ORS 314.380 (2) and 314.415 (1) and upon the decisions found in *Gender v. Commission,* 3 OTR 260 (1968), and *Intl. Health & Life Ins. Co. v. Dept. of Rev.,* 5 OTR 320 (1973), *aff'd* 269 Or 23, 523 P2d 223 (1974).

■ The cases cited are readily distinguishable upon the factual situations, differing in important aspects from those in the present suit. As shown by the facts admitted by the plaintiff, the time for allowance of a refund under ORS 314.415 had expired, although the permitted time had been extended by virtue of the agreement of the parties under subsection (2) of that section. (The statute provides for an extension of the extension but the plaintiff had not taken advantage of this right.)

The court, following the rule of *Industrial Air Prod. v. Dept. of Rev.,* 259 Or 38, 485 P2d 24 (1971), would have had no difficulty in permitting a refund for 1965 under ORS 314.380 (even though the California income tax assessment described above was unrelated to any federal adjustment) if a claim for

refund growing out of a federal adjustment were pending before the defendant at the time the California adjustment was made known to the Department of Revenue. However, as the facts show, the defendant had fully acted upon and exhausted its powers to make alterations in the 1964 Oregon return by reason of federal adjustments under ORS 314.410 (3) (giving rise to an Oregon deficiency for the tax year 1964) and under ORS 314.380 (2) (respecting the refund claimed by virtue of the federal adjustment for 1965). By receiving the payment from the plaintiff for the assessed Oregon 1964 tax deficiency on July 2, 1969, and upon making payment in May 1970 of plaintiff's refund claim for 1965, based upon the federal overassessment, the administrative agency had completed its duties and fully exerted its powers to extend time in relation to the 1964 and 1965 tax years. The matter was concluded. Plaintiff's claim for a second refund, dated April 28, 1971, based solely upon the California adjustment and having no relation to the federal adjustments, came too late. No further time for action can be found in the statutes and the defendant was legally powerless to accede to plaintiff's claim, although recognizing its validity otherwise.

As plaintiff has conceded, the extension of the time limit under ORS 314.415 (2) had also been exhausted.

A substantial number of petitions are addressed each year by taxpayers to tax administrators and to the courts, seeking to overcome a statutory limitation of time in which some act must be done. Since all men of goodwill, including judges, prefer that serious problems be resolved on the merits and not on a technical procedural point, such petitions have an innate persuasiveness, reflecting impulses of common sense and

fairness. As was said by Mr. Chief Justice Warren in *Rothensies v. Electric Storage Battery Co.,* 329 US 296, 302, 67 S Ct 271, 91 L Ed 296, 47-1 USTC ¶ 9106, 35 AFTR 297 (1946) : "* * * They tempt the equity-minded judge to seek for ways of relief in individual cases." However, the Chief Justice went on to say, at 301:

> "It probably would be all but intolerable, at least Congress has regarded it as ill-advised, to have an income tax system under which there never would come a day of final settlement and which required both the taxpayer and the Government to stand ready forever and a day to produce vouchers, prove events, establish values and recall details of all that goes into an income tax contest. Hence, a statute of limitation is an almost indispensable element of fairness as well as of practical administration of an income tax policy."

The defendant's order is affirmed. Since the suit comes within Rule 16, a decree will issue.